# WACHTELL, LIPTON, ROSEN & KATZ

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150

TELEPHONE: (212) 403-1000
FACSIMILE: (212) 403-2000

| | |
|---|---|
| MARTIN LIPTON | STEVEN A. COHEN |
| HERBERT M. WACHTELL | DEBORAH L. PAUL |
| THEODORE N. MIRVIS | DAVID C. KARP |
| EDWARD D. HERLIHY | RICHARD K. KIM |
| DANIEL A. NEFF | JOSHUA R. CAMMAKER |
| ANDREW R. BROWNSTEIN | MARK GORDON |
| MARC WOLINSKY | JOSEPH D. LARSON |
| STEVEN A. ROSENBLUM | JEANNEMARIE O'BRIEN |
| JOHN F. SAVARESE | WAYNE M. CARLIN |
| SCOTT K. CHARLES | STEPHEN R. DiPRIMA |
| JODI J. SCHWARTZ | NICHOLAS G. DEMMO |
| ADAM O. EMMERICH | IGOR KIRMAN |
| RALPH M. LEVENE | JONATHAN M. MOSES |
| RICHARD G. MASON | T. EIKO STANGE |
| DAVID M. SILK | JOHN F. LYNCH |
| ROBIN PANOVKA | WILLIAM SAVITT |
| DAVID A. KATZ | ERIC M. ROSOF |
| ILENE KNABLE GOTTS | GREGORY E. OSTLING |
| JEFFREY M. WINTNER | DAVID B. ANDERS |
| TREVOR S. NORWITZ | ANDREA K. WAHLQUIST |
| BEN M. GERMANA | ADAM J. SHAPIRO |
| ANDREW J. NUSSBAUM | NELSON O. FITTS |
| RACHELLE SILVERBERG | JOSHUA M. HOLMES |

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)
LEONARD M. ROSEN (1965-2014)

OF COUNSEL

| | |
|---|---|
| MARTIN J.E. ARMS | ERIC S. ROBINSON |
| MICHAEL H. BYOWITZ | PATRICIA A. ROBINSON* |
| KENNETH B. FORREST | ERIC M. ROTH |
| SELWYN B. GOLDBERG | PAUL K. ROWE |
| PETER C. HEIN | DAVID A. SCHWARTZ |
| MEYER G. KOPLOW | MICHAEL J. SEGAL |
| LAWRENCE S. MAKOW | ELLIOTT V. STEIN |
| DOUGLAS K. MAYER | WARREN R. STERN |
| PHILIP MINDLIN | PAUL VIZCARRONDO, JR. |
| DAVID S. NEILL | PATRICIA A. VLAHAKIS |
| HAROLD S. NOVIKOFF | AMY R. WOLF |
| LAWRENCE B. PEDOWITZ | |

* ADMITTED IN THE DISTRICT OF COLUMBIA

COUNSEL

| | |
|---|---|
| DAVID M. ADLERSTEIN | NANCY B. GREENBAUM |
| SUMITA AHUJA | MARK A. KOENIG |
| AMANDA K. ALLEXON | J. AUSTIN LYONS |
| LOUIS J. BARASH | ALICIA C. McCARTHY |
| FRANCO CASTELLI | PAULA N. RAMOS |
| ANDREW J.H. CHEUNG | NEIL M. SNYDER |
| PAMELA EHRENKRANZ | S. CHRISTOPHER SZCZERBAN |
| KATHRYN GETTLES-ATWA | JEFFREY A. WATIKER |
| ADAM M. GOGOLAK | |

| | |
|---|---|
| DAVID E. SHAPIRO | MICHAEL S. BENN |
| DAMIAN G. DIDDEN | SABASTIAN V. NILES |
| IAN BOCZKO | ALISON ZIESKE PREISS |
| MATTHEW M. GUEST | TIJANA J. DVORNIC |
| DAVID E. KAHAN | JENNA E. LEVINE |
| DAVID K. LAM | RYAN A. McLEOD |
| BENJAMIN M. ROTH | ANITA REDDY |
| JOSHUA A. FELTMAN | JOHN L. ROBINSON |
| ELAINE P. GOLIN | JOHN R. SOBOLEWSKI |
| EMIL A. KLEINHAUS | STEVEN WINTER |
| KARESSA L. CAIN | EMILY D. JOHNSON |
| RONALD C. CHEN | JACOB A. KLING |
| GORDON S. MOODIE | RAAJ S. NARAYAN |
| DONGJU SONG | VIKTOR SAPEZHNIKOV |
| BRADLEY R. WILSON | MICHAEL J. SCHOBEL |
| GRAHAM W. MELI | ELINA TETELBAUM |
| GREGORY E. PESSIN | ERICA E. BONNETT |
| CARRIE M. REILLY | LAUREN M. KOFKE |
| MARK F. VEBLEN | ZACHARY S. PODOLSKY |
| VICTOR GOLDFELD | RACHEL B. REISBERG |
| EDWARD J. LEE | MARK A. STAGLIANO |
| BRANDON C. PRICE | |
| KEVIN S. SCHWARTZ | |

Direct Dial: (212) 403-1226
E-Mail: MWolinsky@wlrk.com

January 30, 2020

**BY ECF**

Hon. Pamela K. Chen
United States District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:  *Rodriguez* v. *Nat'l Golf Links of Am.*, 2:19-cv-07052-PKC-RML

Dear Judge Chen:

  We are counsel to defendants National Golf Links of America and William Muller in the above-captioned matter.  Defendants intend to move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and submit this letter requesting a pre-motion conference in accordance with Rule 3(A) of Your Honor's Individual Practices and Rules.

  The National is a private golf course located in Southampton, New York.  Dkt. 1 ¶ 11.  Mr. Muller has worked at the National for over 15 years.  *Id.* ¶ 24.  Plaintiff Andrew Rodriguez alleges that he was denied overtime pay while caddying for members at the National and asserts claims under the Fair Labor Standards Act and related state laws.  *Id.* ¶ 3.  The complaint should be dismissed because plaintiff fails to allege "sufficient factual matter to state a plausible claim

that [he] worked compensable overtime in a workweek longer than 40 hours." *Lundy* v. *Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).

The FLSA requires "[e]mployees engaged in interstate commerce" who work "longer than forty hours" in a workweek to be compensated "at a rate not less than one and one-half times" their regular rate of pay. 29 U.S.C. § 207(a). Accordingly, to state an FLSA overtime claim, "a plaintiff must allege that she was the defendant's employee, that her work involved interstate activity, and that she worked hours for which she did not receive … overtime wages." *Zokirzoda* v. *Acri Cafe Inc.*, 2020 WL 359908, at *2 (S.D.N.Y. Jan. 22, 2020). Further, plaintiffs claiming "that they have been denied overtime in violation of the FLSA" must include "sufficiently developed factual allegations" to "'nudge' their claim 'from conceivable to plausible.'" *Dejesus* v. *HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff Rodriguez has failed to allege sufficient facts for the Court to reasonably infer that his overtime claims are plausible. Even assuming caddies are employees,[1] the complaint does not "provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Nakahata* v. *New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). To support such an inference, the Second Circuit has held that a plaintiff must allege 40 hours of work in a "particular week" in the past three years, "as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114-15; s*ee* 29 U.S.C. § 255(a) (three-year limitations period for "willful" FLSA violations). The complaint here fails to do so.

Plaintiff alleges that his "average weekly schedule" consisted of "66.5 hours of work a week." Dkt. 1 ¶¶ 34, 36. But plaintiff has not alleged he was required to work this schedule for any specific week. *See id.* ¶ 41. Courts in this Circuit have consistently ruled that a generalized recitation of "average" or "typical" hours worked is not enough to support an FLSA overtime claim. *See Lundy*, 711 F.3d at 114-15 (allegations that plaintiffs "typically" worked over 40 hours in a week "invite[] speculation" and are insufficient to state "a plausible claim under FLSA"); *Dejesus*, 726 F.3d at 89 (allegations that in "some or all weeks" plaintiff worked over 40 hours were not "sufficient to raise a plausible inference of an FLSA overtime violation"); *Marciano* v. *SJN Adjustment Grp., Inc.*, 2019 WL 4888569, at *2 (E.D.N.Y. Sept. 30, 2019) (allegations that plaintiffs "would commonly work between fifty and sixty hours per week … require the court to engage in the impermissible speculation precluded by the Second Circuit in *Lundy*"); *Serrano* v. *I. Hardware Distribs., Inc.*, 2015 WL 4528170, at *4 (S.D.N.Y. July 27,

---

[1] The threshold question of whether Rodriguez was an employee of the National is not the subject of the proposed motion. Established authority establishes that as a general matter, golf caddies are not "employees" for purposes of the FLSA and New York labor laws. *See* U.S. Dep't of Labor, Wage & Hour Div., Field Operations Handbook ch. 10(b)(15) (Mar. 31, 2016), https://www.dol.gov/agencies/whd/field-operations-handbook/Chapter-10#B10a00 ("the [Department of Labor] is not prepared to assert that caddies are employees"); N.Y. Lab. Law § 511(8) ("The term 'employment' does not include service as a golf caddy.").

Hon. Pamela K. Chen
January 30, 2020
Page 3

2015) ("[Plaintiffs] claim to have worked 'an average' of 62 and 60 hours per week, respectively; however, they do not allege that they worked more than 40 hours in a 'given' work week."); *Bustillos* v. *Acad. Bus, LLC*, 2014 WL 116012, at *4 (S.D.N.Y. Jan. 13, 2014) (Second Circuit requires "sufficient factual allegations in [a complaint]—rather than a general and conclusory allegation as to the number of hours 'routinely' worked—whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation.").

The Second Circuit has emphasized that a plaintiff is "require[d]" to draw on his "memory and experience" to provide "sufficiently developed factual allegations." *DeJesus*, 726 F.3d at 90. Plaintiff here has not done so. To the contrary, he alleges that "caddies are able to select the days of the week they work" but does not allege any specific week in which he chose to work over 40 hours. Dkt. 1 ¶ 41. This is insufficient under the established Second Circuit precedent. Plaintiff's FLSA claims therefore should be dismissed. His state law overtime claims should be dismissed for the same reason. *See Farmer* v. *Dr. Lucia Patino, Optometrist, P.C.*, 2019 WL 110956, at *4 (E.D.N.Y. Jan. 4, 2019) (dismissing New York Labor Law overtime claims where plaintiff failed to "provide sufficient detail about the length and frequency of his unpaid work")

In addition, if the FLSA claim is dismissed, plaintiff's remaining claims should all be dismissed as well for lack of subject matter jurisdiction. *See Volpe* v. *Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 435 (S.D.N.Y. 2016) ("declining to exercise supplemental jurisdiction over Plaintiff's remaining NYLL claims" where "all of Plaintiff's FLSA claims have been dismissed"), *aff'd*, 692 F. App'x 51 (2d Cir. 2017); *Delaney* v. *Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

For these reasons and those to be stated more fully at the pre-motion conference and in defendants' motion papers, plaintiff's complaint should be dismissed in its entirety.

Respectfully submitted,

Marc Wolinsky

cc: Saul D. Zabell, Esq.