Case 2:19-cv-07052-PKC-RML   Document 10   Filed 02/05/20   Page 1 of 4 PageID #: 39



Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

**Ryan T. Biesenbach, Esq.**
Email:  RBiesenbach@laborlawsny.com

February 5, 2020

*VIA* ELECTRONIC CASE FILING

Honorable Pamela K. Chen
Unites States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Rodriguez v. National Golf Links of America, et al.
     Case No.: 19-cv-07052 (PKC) (RML)

Your Honor:

  This firm is counsel to Andrew Rodriguez, Plaintiff in the above-referenced matter. We submit the following in opposition to the January 30, 2020 pre-motion application of Defendants National Golf Links of America (the "National") and William Muller's (collectively, "Defendants"). Defendants' application [ECF Doc No. 9] is submitted in anticipation of a putative motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed herein, Defendants' request should be denied in its entirety.

  On December 12, 2019, Plaintiff commenced this action on behalf of himself others similarly situated seeking relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq. See* [ECF Doc. No. 1]. Under the FLSA, an employee who works in excess of forty (40) hours in a workweek shall be compensated for those excess hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

  The Second Circuit has held that in order to state a "plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)). A Plaintiff is "not required to provide an approximation of uncompensated overtime hours in order to survive a motion to dismiss their FLSA overtime claims." *Wiggins v. Garden City Golf Club*, No. 16-CV-5959, 2017 U.S. Dist. LEXIS 178678,

at *5 (E.D.N.Y. Oct. 25, 2017) (citing *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 88 (2d Cir. 2013) (stating that the Second Circuit "declined to make an approximation of overtime hours a necessity in all cases"). However, "an approximation 'may help draw a plaintiff's claim closer to plausibility.'" *Id.* (quoting *Lundy*, 711 F.3d at 114 n.7).

Here, Plaintiff alleges he worked exclusively for the National from 2003 through 2019 during its "season of operation" – the last weekend of April through the first weekend of November. [ECF Doc. No. 1, at ¶¶ 20, 24-25]. The Complaint alleges that during those months Plaintiff worked seven (7) days per week, and further provides the approximate hourly breakdown of his daily schedule: Mondays: 11:30 a.m. – 6 p.m.; Tuesdays: 6:30 a.m. – 5 p.m.; Wednesdays: 6:30 a.m. – 5 p.m.; Thursdays: 6:30 a.m. – 5 p.m.; Fridays: 6:30 a.m. – 5 p.m.; Saturdays: 6:30 a.m. – 5 p.m.; and Sundays: 6:30 a.m. – 2 p.m. *Id.* at ¶ 34. This weekly schedule constitutes a workweek of approximately sixty-six and one-half (66.5) hours. *Id.* at ¶ 36. The Complaint further alleges that this schedule was departed from during the ten (10) annual tournaments held by the National, during which time Plaintiff worked extended hours on Fridays and Saturdays for a combined sixty-nine (69) to seventy (70) hours. *Id.* at ¶¶ 35, 37.

Defendants' summary ignores these pleadings. Moreover, the ambiguity and mathematical uncertainty discussed in the cases presented by Defendants is distinguishable from this case. For example, in *Lundy*, 711 F.3d at 114, the complaint was dismissed based on pure arithmetic: tallying the plausible factual allegations, the Second Circuit could not get beyond forty (40) hours in any given workweek and, therefore, to a plausible claim for overtime. Similarly, in *DeJesus*, 726 F.3d at 89, the Second Circuit again found that the plaintiff's complaint to be "devoid of any numbers to consider beyond those plucked from the statute." The absence of certain content which was dispositive to the claims in *Lundy* and *DeJesus* is not present here.

Plaintiff alleges that during the weeks which make up the National's operating season (April through November), he worked the foregoing schedules. These schedules required Plaintiff to work in excess of forty (40) hours during each of these weeks – work for which Plaintiff was not properly compensated as required by the FSLA. These allegations, taken as true, are fatal to Defendants' application and putative motion. We therefore respectfully submit the existence of such allegations are alone sufficient to "support a reasonable inference that [Plaintiff] worked more than forty hours in given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013). Plaintiff's claims fit squarely within established precedent.



February 5, 2020
Page 3 of 4

Lastly, we object to Defendants' representations concerning Plaintiff's employment status as disingenuous. There exists no "established authority" holding that golf caddies are not "employees" under either the FLSA or NYLL. For example, Defendants' citation to the "Field Operations Handbook" of the U.S. Department of Labor ("USDOL") is unpersuasive. The handbook does not factor into any proper analysis about the employment status of golf caddies such as Plaintiff. Indeed, the USDOL Wage and Hour Division takes a *neutral* position on the status of golf caddies: "the WHD is not prepared to assert that caddies are employees of the golf course operator." U.S. Dep't of Labor, Wage & Hour Div., Field Operations Handbook, ch. 10(b)15) (March 31, 2016)[1];*see also Munoz-Gonzalez v. D.L.C. Limousine Serv.*, 904 F.3d 208, 216 (2d Cir. 2018) ("the [USDOL's] Handbook lacks the force of law, and is entitled to deference only to the extent that it has the 'power to persuade'")(citing *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 83 (2d Cir. 2015). Thus, there is no deference to accord the USDOL with respect to Plaintiff's employment status.

Defendants' analysis of Plaintiff's NYLL claims is similarly unconvincing. Plaintiff's state law claims are governed by Article 6 of the NYLL, entitled "Payment of Wages". Under this Article, the definition of "employee" is expansive and, with few exemptions (none of which are relevant here), apply to "any person employed for hire by an employer in any employment." NYLL § 190(b). The provision to which Defendants cite is found in Article 18 of the NYLL, the "Unemployment Insurance Law." Put differently, NYLL Article 18 has no bearing upon Plaintiff's claims and does not constitute "established authority" from which the Court should be guided.

Plaintiff sets forth sufficient allegations concerning Defendants' violations of the FLSA and NYLL. Defendants have not and cannot rebut these facts. Accordingly, we respectfully submit the Court should deny Defendants' application in its entirety. Counsel remain available should the Court require additional information in connection with this submission.

Respectfully submitted,

ZABELL & COLLOTTA, P.C.

Ryan F. Biesenbach

---

[1] Available at: https://www.dol.gov/agencies/whd/field-operations-handbook/Chapter-10#B10b15.

**Zabell & Collotta, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

February 5, 2020
Page 4 of 4

cc: Client
    Marc Wolinsky, Esq. (*via* Electronic Case Filing)