# Wachtell, Lipton, Rosen & Katz

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150
TELEPHONE: (212) 403-1000
FACSIMILE: (212) 403-2000

| | |
|---|---|
| MARTIN LIPTON | DAVID E. SHAPIRO · MICHAEL S. BENN |
| HERBERT M. WACHTELL · STEVEN A. COHEN | DAMIAN G. DIDDEN · SABASTIAN V. NILES |
| THEODORE N. MIRVIS · DEBORAH L. PAUL | IAN BOCZKO · ALISON ZIESKE PREISS |
| EDWARD D. HERLIHY · DAVID C. KARP | MATTHEW M. GUEST · TIJANA J. DVORNIC |
| DANIEL A. NEFF · RICHARD K. KIM | DAVID E. KAHAN · JENNA E. LEVINE |
| ANDREW R. BROWNSTEIN · JOSHUA R. CAMMAKER | DAVID K. LAM · RYAN A. McLEOD |
| MARC WOLINSKY · MARK GORDON | BENJAMIN M. ROTH · ANITHA REDDY |
| STEVEN A. ROSENBLUM · JOSEPH D. LARSON | JOSHUA A. FELTMAN · JOHN L. ROBINSON |
| JOHN F. SAVARESE · JEANNEMARIE O'BRIEN | ELAINE P. GOLIN · JOHN R. SOBOLEWSKI |
| SCOTT K. CHARLES · WAYNE M. CARLIN | EMIL A. KLEINHAUS · STEVEN WINTER |
| JODI J. SCHWARTZ · STEPHEN R. DiPRIMA | KARESSA L. CAIN · EMILY D. JOHNSON |
| ADAM O. EMMERICH · NICHOLAS G. DEMMO | RONALD C. CHEN · JACOB A. KLING |
| RALPH M. LEVENE · IGOR KIRMAN | GORDON S. MOODIE · RAAJ S. NARAYAN |
| RICHARD G. MASON · JONATHAN M. MOSES | DONGJU SONG · VIKTOR SAPEZHNIKOV |
| DAVID M. SILK · T. EIKO STANGE | BRADLEY R. WILSON · MICHAEL J. SCHOBEL |
| ROBIN PANOVKA · JOHN F. LYNCH | GRAHAM W. MELI · ELINA TETELBAUM |
| DAVID A. KATZ · WILLIAM SAVITT | GREGORY E. PESSIN · ERICA E. BONNETT |
| ILENE KNABLE GOTTS · ERIC M. ROSOF | CARRIE M. REILLY · LAUREN M. KOFKE |
| JEFFREY M. WINTNER · GREGORY E. OSTLING | MARK F. VEBLEN · ZACHARY S. PODOLSKY |
| TREVOR S. NORWITZ · DAVID B. ANDERS | VICTOR GOLDFELD · RACHEL B. REISBERG |
| BEN M. GERMANA · ANDREA K. WAHLQUIST | EDWARD J. LEE · MARK A. STAGLIANO |
| ANDREW J. NUSSBAUM · ADAM J. SHAPIRO | BRANDON C. PRICE |
| RACHELLE SILVERBERG · NELSON O. FITTS | KEVIN S. SCHWARTZ |
| · JOSHUA M. HOLMES | |

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)
LEONARD M. ROSEN (1965-2014)

OF COUNSEL

| | |
|---|---|
| MARTIN J.E. ARMS | ERIC S. ROBINSON |
| MICHAEL H. BYOWITZ | PATRICIA A. ROBINSON* |
| KENNETH B. FORREST | ERIC M. ROTH |
| SELWYN B. GOLDBERG | PAUL K. ROWE |
| PETER C. HEIN | DAVID A. SCHWARTZ |
| MEYER G. KOPLOW | MICHAEL J. SEGAL |
| LAWRENCE S. MAKOW | ELLIOTT V. STEIN |
| DOUGLAS K. MAYER | WARREN R. STERN |
| PHILIP MINDLIN | PAUL VIZCARRONDO, JR. |
| DAVID S. NEILL | PATRICIA A. VLAHAKIS |
| HAROLD S. NOVIKOFF | AMY R. WOLF |
| LAWRENCE B. PEDOWITZ | |

* ADMITTED IN THE DISTRICT OF COLUMBIA

COUNSEL

| | |
|---|---|
| DAVID M. ADLERSTEIN | NANCY B. GREENBAUM |
| SUMITA AHUJA | MARK A. KOENIG |
| AMANDA K. ALLEXON | J. AUSTIN LYONS |
| LOUIS J. BARASH | ALICIA C. McCARTHY |
| FRANCO CASTELLI | PAULA N. RAMOS |
| ANDREW J.H. CHEUNG | NEIL M. SNYDER |
| PAMELA EHRENKRANZ | S. CHRISTOPHER SZCZERBAN |
| KATHRYN GETTLES-ATWA | JEFFREY A. WATIKER |
| ADAM M. GOGOLAK | |

Direct Dial: (212) 403-1226
E-Mail: MWolinsky@wlrk.com

February 24, 2020

**BY ECF**

Hon. Pamela K. Chen
United States District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *Rodriguez* v. *Nat'l Golf Links of Am.*, 2:19-cv-07052-PKC-RML

Dear Judge Chen:

    We are counsel to the National Golf Links of America and William Mueller. Pursuant to Your Honor's Order of February 10, 2020, we write in further support of defendants' motion to dismiss and in response to plaintiff's February 5 letter in opposition.

    As detailed in our January 30 letter, the complaint alleges only that plaintiff's "average weekly schedule" exceeded 40 hours per week, Dkt. 9 at 2, and thus fails to meet the Second Circuit's requirement that FLSA plaintiffs allege a "particular week" in which they were uncompensated for their overtime work, *Lundy* v. *Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013). Plaintiff's principal response is that paragraphs 34 through 37

Hon. Pamela K. Chen
February 24, 2020
Page 2

of his complaint provide an "approximate hourly breakdown" of his average workweek.  Dkt. 10 at 2; *see* Dkt. 1 ¶¶ 34 ("average workweek"), 36 ("average weekly schedule"), 37 ("Plaintiff routinely worked").  But "average" or "routine" hours are not enough to support an FLSA overtime claim.  Rather, under *Lundy*, a plaintiff must provide allegations identifying specific weeks in which the plaintiff had uncompensated overtime work.  Applying *Lundy*, this Court in *Marciano* v. *SJN Adjustment Grp., Inc.*, held that allegations that plaintiffs "would commonly work between fifty and sixty hours per week … require the court to engage in the impermissible speculation precluded by the Second Circuit in *Lundy*," 2019 WL 4888569, at *2 (E.D.N.Y. Sept. 30, 2019); *see also* Dkt. 9 at 2-3 (collecting cases).[1]

Plaintiff's reliance on *Wiggins* v. *Garden City Golf Club*, 2017 WL 4898285 (E.D.N.Y. Oct. 25, 2017), is therefore misplaced.  In *Wiggins*, the Court permitted the complaint to proceed because the plaintiff caddie there identified a specific week in which he "worked sixty-three (63) hours" by identifying the days the plaintiff worked and the hours worked on each day.  *Id.* at *3 (during "the week of May 11, 2015," plaintiff worked "Tuesday, Wednesday, Thursday, Friday, Saturday and Sunday, from 7:30 a.m. to 6:00 p.m.; ten and one-half (10.5) hours each day.").

Rodriguez's complaint contains no comparable allegations.  Instead, it alleges only plaintiff's "average workweek," the duration of a "typical round of golf," how many rounds caddies "generally" work each day, and the hours plaintiff "routinely worked" during tournaments.  Dkt. 1 ¶¶ 30, 33-34, 37.  In *Wiggins*, Judge Wexler reviewed allegations of precisely this type by a golf caddy and ruled that they were "not enough under the requirements set forth by the Second Circuit."  *Wiggins*, 2017 WL 4898285, at *3; *see* Amended Complaint, *Wiggins* v. *Garden City*, No. 16-cv-05959 (E.D.N.Y. Feb. 27, 2017), ECF No. 8 ¶¶ 20 ("open six (6) days a week"), 22-26 ("typically work one or two rounds per day," "five (5) hours" per round, and "two rounds per day at least three (3) days per week"), 36 ("often exceed ten (10) hours per day" on "tournament days").

Indeed, Rodriguez's allegations are even less specific than those in *Wiggins*.  For example, his complaint alleges that "[c]addies *may* work one (1) to two (2) rounds a day."  Dkt. 1 ¶ 33 (emphasis added).  But unlike *Wiggins*, Rodriguez does not allege how many rounds he personally worked on an average day, or on any specific day.  Likewise, although Rodriguez's counsel represented to this Court that "[t]he Complaint alleges that … Plaintiff worked seven (7) days per week," Dkt. 10 at 2, the complaint alleges only that "caddies such as Mr. Rodriguez work *up to* … seven (7) days a week." Dkt. 1 ¶ 2 (emphasis added).  And while the complaint alleges the "average" hours that Rodriguez and "most caddies" worked for each day of the week,

---

[1]  Plaintiff's arguments about whether caddies are "employees" are irrelevant to this motion.  Nevertheless, defendants note that plaintiff's citations undermine its position on this issue as well.  For example, plaintiff writes that the Department of Labor's handbook is "unpersuasive" and entitled to "no deference."  Dkt. 10 at 3.  To be precise, the Second Circuit in *Munoz-Gonzalez* v. *D.L.C. Limousine Serv., Inc.*, stated the DOL handbook "is entitled to deference only to the extent that it has the power to persuade," 904 F.3d 208, 216 (2d Cir. 2018) (quotations omitted).

Hon. Pamela K. Chen
February 24, 2020
Page 3

it also admits that caddies "are able to select the days of the week they work." *Id.* ¶¶ 34, 41. The allegation in substance therefore is that Rodriguez did not necessarily work every day.

These deficiencies also demonstrate why plaintiff's overtime allegations are implausible. *See Dejesus* v. *HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The complaint alleges an "average" workweek schedule and then claims, apparently by adding up the total possible hours from that schedule, that since 2003, "Plaintiff's average weekly schedule consisted of approximately sixty-six and a half (66.5) hours of work a week." Dkt. 1 ¶¶ 34, 36; *see* Dkt. 10 at 2. But to reach this "average," plaintiff would need to have worked seven days a week, for approximately 27 consecutive weeks, for each of the last 17 years, even though the complaint alleges that "caddies are able to select the days of the week they work." Dkt. 1 ¶¶ 20, 34, 41. And he would need to have worked each day from the time the course opened until the time that it closed, even though the complaint alleges that caddies may work only one round a day "depending generally on the volume of golfers." *Id.* ¶ 33; *see Ashcroft* v. *Iqbal*, 556 U.S. 662, 679 (2009) (determining plausibility "requires the reviewing court to draw on its judicial experience and common sense").

It is not reasonable to infer that plaintiff averaged "66.5" hours of work per week when he has failed to allege how many days per week or rounds per day that he personally worked. And it is even less reasonable to do so given the Second Circuit's pleading requirement that FLSA overtime plaintiffs must allege a particular week of uncompensated overtime work. *See Lundy,* 711 F.3d at 114; *Nakahata* v. *New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

In short, the complaint fails to provide a sufficient factual basis to state an FLSA overtime claim. And as plaintiff does not contest that the Court will lack subject matter jurisdiction over his state law claims if it dismisses his federal claim, dismissal of the case in its entirety is required.

Respectfully submitted,

Marc Wolinsky

cc: Saul D. Zabell, Esq.