

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

**Saul D. Zabell, Esq.**
Email:  SZabell@laborlawsny.com

April 13, 2020

<u>*VIA* ELECTRONIC CASE FILING</u>

Honorable Pamela K. Chen
Unites States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Rodriguez v. National Golf Links of America, et al.</u>
     <u>Case No.: 19-cv-07052 (PKC) (RML)</u>

Your Honor:

  This firm is counsel to Andrew Rodriguez, Plaintiff in the above-referenced matter. Pursuant to the Court's direction of April 6, 2020, we submit the foregoing in further support of Plaintiff's pending application for leave to amend the pleadings [ECF Doc. No. 15], and to address the misstatements of law presented by Defendants [ECF Doc. No. 16]. For the reasons addressed below, Plaintiff's application seeking leave to amend the pleadings to add claims of retaliation arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq.*, should be granted.

  As a matter of primary concern, in the Second Circuit "[w]hether or not an employee can claim retaliation because he or she has been sued in a well-founded lawsuit is an open question." *Lawrence v. NYC Med. Practice, P.C.*, No. 18-cv-8649 (GHW), 2019 U.S. Dist. LEXIS 150408, at *27 (S.D.N.Y. Sept. 3, 2019) (citing *Marchiano v. Berlamino*, No. 10-cv-7819 (LBS), 2012 U.S. Dist. LEXIS 135109, 2012 WL 4215767, at *6 (S.D.N.Y. Sept. 18, 2012). To that end – and given the factual and procedural circumstances of the instant matter – Defendants' reliance upon both *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731 (1983) and the "*Noerr-Pennington* doctrine" is misplaced.[1]

---

[1] Notably, the Court in *Bill Johnson's* did not apply the *Noerr-Pennington* doctrine. Rather, as a principle it appears as a footnote relating to the Court's rationale within an analogous antitrust context and "sham" litigation. 461 U.S. at n. 10. In fact, apart from *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 701 F. Supp. 2d 568, 598 (S.D.N.Y. 2010), none of the precedent cited by Defendants makes use of the *Noerr-Pennington* doctrine.

**Zabell & Collotta, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

April 13, 2020
Page 2 of 5

In *Bill Johnson's*, the Supreme Court construed "a specific, ambiguous provision defining unfair labor practices within the National Labor Relations Act definition of unfair labor practices," holding as an unfair labor practice the prosecution a baseless lawsuit with the intent of retaliating against an employee for the exercise of statutorily protected rights. *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 157 (3d Cir. 1999); *see also Bill Johnson's Rests.*, 461 U.S. at 741. The rationale underlying this finding turned on the ability of the National Labor Relations Board (the "NLRB") to enjoin a party's "right to have genuine state-law legal questions decided by the state judiciary." *Id.* at 744. Accordingly, the discussion in *Bill Johnson's* centered on the merits of the employer's tangential state lawsuit rather that its motivation in filing the same. *Bill Johnson's* should thus be read to limit the NLRB' ability to enjoin the prosecution of a state court lawsuit, regardless of the plaintiff's motive, unless the suit lacks a reasonable basis in fact or law. *Id.* at 748. It is therefore precedent unsuited to adjudge the instant issue. *See Durham Life Ins. Co.*, 166 F.3d at 157 (holding Bill Johnson's "reasoning has not been extended to Title VII, in part because the prohibition on retaliation is so explicit and the public policy behind the retaliation provision so compelling").

An analysis of Plaintiff's anticipated claims of retaliation should rely not on *Bill Johnson's* but the Supreme Court's decision in *Burlington N. & Santa Fe Ry. v. White, 54*8 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006). There, the Supreme Court clarified the broad scope of statutory anti-retaliation in the Title VII context and held that its provisions cover any materially adverse action by an employer that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345. The Court explained that this standard, which focuses "on the materiality of the challenged action and the perspective of a reasonable person in the plaintiff's position … will screen out trivial conduct while effectively capturing those acts that are likely to dissuade employees from complaining or assisting in complaints about discrimination." *Id.* at 69-70, 126 S. Ct. 2405, 165 L. Ed. 2d 345. Thus, "the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." *Id.* at 69, 126 S. Ct. 2405, 165 L. Ed. 2d 345. Put differently, "Courts in this Circuit evaluate allegedly retaliatory litigation by conducting a fact-specific inquiry into the employer's intent as instructed by *Burlington Northern*, rather than focusing solely on the merits of the litigation as the Court did in *Bill Johnson's*." *Spencer v. Int'l Shoppes, Inc.*, 902 F. Supp. 2d 287, 296-97 (E.D.N.Y. 2012).

Courts in this District have thus observed that "after *Burlington*, a plaintiff can prevail on a retaliation claim if she can 'show that a reasonable employee would have found the challenged action materially adverse, which in this context means that it well might have dissuaded a reasonable worker from making or supporting a

**Zabell & Collotta, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

April 13, 2020
Page 3 of 5

charge of discrimination.'" *Illiano v. Mineola Union Free School Dist.*, 585 F. Supp. 2d 341, 352 (E.D.N.Y. 2008) (quoting *Kessler v. Westchester County Dept. of Social Services*, 461 F.3d 199, 207 (2d Cir. 2006)). Indeed, as has been noted:

> The mere threat of a lawsuit often provokes individuals to change their actions … prospective defendants are faced with the daunting tasks of hiring attorneys and possibly paying settlements or judgments. If a reasonable worker believed that he or she might face a lawsuit if they filed a complaint alleging discrimination, they might be dissuaded from filing such a complaint.

*Bentivegna v. People's United Bank*, No. 2:14-cv-599 (ADS)(GRB), 2017 U.S. Dist. LEXIS 156445, at *10 (E.D.N.Y. Sep. 25, 2017) (citing *Marchiano v. Berlamino*, No. 10 CIV. 7819 LBS, 2012 U.S. Dist. LEXIS 135109, 2012 WL 4215767, at *5 (S.D.N.Y. Sept. 20, 2012) ("Suing an employee is an act that might well dissuade a reasonable worker from filing discrimination charges").

As set forth under prior cover [ECF Doc. No. 15], on March 19, 2020, a member of Defendant National Golf Links of America, John P. McNiff, commenced an action against Plaintiff in the Supreme Court State of New York, County of Suffolk (the "State Court Action"). As per the Affirmation and Affidavit submitted in support of Mr. McNiff's State-Court Action, Plaintiff "has been in default since January 1, 2019, having never made a monthly payment" on a loan. [ECF Doc. No. 16, at "Wolinksy Affirmation" ¶ 12]. The State Court Action further portrays Plaintiff here in negative terms: "attack[ing] another caddie, one of his close friends, resulting in thousands of dollars of medical expenses." [[ECF Doc. No. 16, at "McNiff Affidavit" ¶ 2]. Assuming, *arguendo*, the truth of these pleadings, a reasonable and similarly situated employee of Defendants could be dissuaded from seeking redress from the FLSA and NYLL violations already alleged for fear of similar responsive litigation.

For example, a cause of action for breach of contract "ordinarily accrues and the limitations period begins to run upon breach." *Faulkner v. Arista Records L.L.C.*, 602 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) (citing *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007)). Thus, despite being an attorney, Mr. McNiff waited over a year to file the State Court Action. Even then, the action was commenced only after Mr. McNiff's repeat attempts to pressure Plaintiff to either discontinue or settle the instant matter failed. These attempts included a warning to Plaintiff of the reputation for aggressive litigation tactics of Defendants' counsel, of Wachtell, Lipton, Rosen & Katz and Marc Wolinksy, Esq. this chronology cannot be ignored. The State Court Action was then filed on Mr. McNiff's behalf by counsel to Defendants in the

instant matter. We respectfully submit that the above constitutes precisely the type of retaliatory litigation which courts have warned can and will dissuade reasonable employees from engaging in statutorily protected activity. *See Nunez v. Metro. Learning Inst., Inc.*, No. 1:18-cv-1757 (FB)(VMS), 2019 U.S. Dist. LEXIS 185674, at *3 (E.D.N.Y. Oct. 24, 2019) (denying employer's motion to dismiss retaliation claim because "plaintiff here alleged that the state lawsuit was filed for 'leverage' and was 'designed to punish Nunez for engaging in [a] protected activity'"). This is of particular importance here, where Plaintiff has commenced this action on behalf of himself and others similarly situation.

Plaintiff's position is further supported by a closer inspection of the cases cited to by Defendants. Indeed, the courts within this District which have adopted the principle underlying Defendants' argument – that meritorious claims do not qualify as retaliation – present different procedural postures from this case. These cases relate to claims of retaliation stemming from an employers' instituting compulsory counterclaims. For example, the court in *Karlin v. MCS Mortg. Bankers, Inc.*, 2018 U.S. Dist. LEXIS 22514, 2019 WL 1586861 (E.D.N.Y. Apr. 12, 2018), the proposed amendments of retaliation proposed for that complaint were alleged as the result of the employer's counterclaim for breach of contract. Similarly, in *Pawlowski v. Kitchen Expressions, Inc.*, No. 17-cv-2943-ARR-VMS, 2017 U.S. Dist. LEXIS 222839, 2017 WL 10259773 (E.D.N.Y. Dec. 14, 2017), the counterclaims alleged by the employer, faithless servant, were upheld (and the claims of retaliation dismissed) pursuant to Fed. R. C.P. 12(b)(6), because, "[a]s the Supreme Court recognized in *Bill Johnson's Restaurants*, counterclaims are different from other forms of retaliation because they involve access to the court." *Id.* at n. 5. So too in *Schanfield v. Sojitz Corp. of Am.*, 663 F. Supp. 2d 305 (S.D.N.Y. Sept. 29, 2009), where the court granted in part the employer's motion for summary judgment, dismissed as a basis for retaliation its potentially meritorious counterclaims.

Importantly, the above cases do not apply to a situation where, such as here, a plaintiff seeks leave to amend the complaint. These cases do not stand for the proposition that a post-employment lawsuit, as a matter of law, cannot constitute retaliation: "A counterclaim, like many adverse actions, may be meritorious or not, but that determination cannot be made at the pleading stage without the benefit of discovery. At this point, it suffices to say that the filing of counterclaims, even if compulsory, may constitute retaliatory action." *Santi v. Hot in Here, Inc.*, No. 18-cv-3028 (ER), 2019 U.S. Dist. LEXIS 10296, at *15 (S.D.N.Y. Jan. 22, 2019). Further, *Noerr-Pennington* concerns are absent from the present circumstances since Plaintiff does not seek to enjoin Mr. McNiff's State Court Action.

**Zabell & Collotta, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

April 13, 2020
Page 5 of 5

  Plaintiff's proposed amendments are not futile. There exists no impediment to granting the relief requested by Plaintiff. Accordingly, we respectfully request the Court grant Plaintiff leave to amend is Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 15(a)(2).

Respectfully submitted,

ZABELL & COLLOTTA, P.C.

Saul D. Zabell

cc: Client
   Marc Wolinsky, Esq. (*via* Electronic Case Filing)