UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
ANDREW RODRIGUEZ, in his individual capacity and on behalf of others similarly situated,

                      Plaintiff,

      - against -

NATIONAL GOLF LINKS OF AMERICA and
WILLIAM MULLER,

                      Defendants.
----------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-7052 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Andrew Rodriguez, in his individual capacity and on behalf of others similarly situated, brings this action against Defendants National Golf Links of America and William Muller, alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL"). Plaintiff has moved to amend his complaint to add claims of retaliation under the FLSA and NYLL.[1] For the reasons discussed below, Plaintiff's motion is granted.

## LEGAL STANDARD

      Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its complaint once as a matter of course within 21 days after serving the complaint or within 21 days after a responsive pleading has been served. Fed. R. Civ. P. 15(a)(1). Where the time for amendment as a matter of course has passed, a party may amend its pleading with the opposing party's written consent or with leave of the Court. *See* Fed. R. Civ. P. 15(a)(2). "The [C]ourt should freely give leave [to

---

[1] Defendants had previously moved to dismiss Plaintiff's FLSA overtime claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 9.) At oral argument on April 6, 2020, the Court permitted Plaintiff to amend his complaint with additional factual representations as to his FLSA overtime claim. (*See* Apr. 6, 2020 Minute Entry.) Defendants' motion to dismiss is accordingly now denied as moot.

1

amend] when justice so requires." *Id*. Nevertheless, "it is within the sound discretion of the [Court] to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (internal quotation and citation omitted). Leave to amend may be denied if amendment would be futile. *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 240 (S.D.N.Y. 2018) (citing *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015)). "Amendment is futile if the 'amended portion of the complaint would fail to state a cause of action,'" *id*. (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000)), and so an amended complaint must be "sufficient to withstand a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)," *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (internal citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

2

## DISCUSSION

Plaintiff seeks to amend his complaint in order to add claims of retaliation under the FLSA and NYLL, arguing that a separate state court lawsuit filed against Plaintiff by John P. McNiff, a member of Defendant National Golf Links of America, constitutes a retaliatory action that was meant to dissuade Plaintiff from proceeding with this case. (Plaintiff's Motion to Amend ("Pl.'s Mot."), Dkt. 15, at 2–3; Plaintiff's Proposed Amended Complaint ("Pl.'s Proposed Am. Compl."), Dkt. 15-3, ¶¶ 106–17.) Specifically, Plaintiff avers that McNiff commenced the state court action against Plaintiff on March 19, 2020, after contacting Plaintiff numerous times and "pressuring [Plaintiff] to either discontinue or settle the instant matter immediately." (Pl.'s Mot., Dkt. 15, at 1–2.) Defendants do not dispute this account of events (*see generally* Defendants' Supplemental Briefing ("Defs.' Supp. Br."), Dkt. 18), but they instead argue that Plaintiff's motion should be denied as futile because Plaintiff has not alleged, and cannot allege, that McNiff's state court action is "baseless" or "frivolous" (*id.* at 1–2). Rather, Defendants argue, and Plaintiff does not dispute, that McNiff's state court action concerns a $5,000 loan that McNiff had made to Plaintiff to pay the medical expenses of a fellow golf caddy whom Plaintiff had assaulted in September 2018. (*Id.* at 1.) Defendants maintain that Plaintiff kept the $5,000 for himself and never repaid McNiff, and that, following Plaintiff's termination from Defendant National Golf Links of America,[2] McNiff commenced the state court action against Plaintiff in order to recover the loan amount. (*Id.*)

The retaliation provision of the FLSA makes it "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." 29 U.S.C.

---

[2] Plaintiff was terminated from Defendant National Golf Links of America on or about October 9, 2019. (Complaint, Dkt. 1, ¶ 25.) Plaintiff commenced the instant action on December 17, 2019. (*See generally id.*)

3

§ 215(a)(3). "FLSA retaliation claims are subject to the three-step burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010) (citation omitted). To make out a *prima facie* case of retaliation under the FLSA, a plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Id.* (citation omitted). Similarly, the NYLL provides that an employer shall not "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee . . . because such employee has made a complaint . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates [the NYLL]." N.Y. Lab. Law § 215(a)(1). The burden-shifting standard for a retaliation claim under the NYLL is the same as that under the FLSA. *See Santi v. Hot in Here, Inc.*, No. 18-CV-03028 (ER), 2019 WL 290145, at *4 (S.D.N.Y. Jan. 22, 2019) (noting that FLSA and NYLL retaliation claims are governed by the same standard).

As an initial matter, the Court notes that Plaintiff has sufficiently alleged both the first and third elements of a FLSA retaliation claim: (1) Plaintiff filed the instant FLSA lawsuit against Defendants, and (3) McNiff's state court action was causally related to Plaintiff's initiation of this FLSA action. *See Mullins*, 626 F.3d at 53. Specifically, Plaintiff has alleged that, "[f]ollowing the commencement of the instant action on December 12, 2019," McNiff began to contact Plaintiff in order "to persuade Plaintiff to discontinue the instant action." (Pl.'s Proposed Am. Compl., Dkt. 15-3, ¶¶ 56–57.) Plaintiff also alleges that McNiff told Plaintiff that defense counsel in the instant action had a "reputation for aggressive litigation tactics" (*id.* ¶ 58), and that McNiff "offered to pay Plaintiff's accrued legal fees while aggressively attempting to push Plaintiff into a settlement"

(*id.* ¶ 59). Plaintiff alleges that, only after he refused this offer (*id.* ¶ 60), did McNiff commence the state court action on March 19, 2020 (*id.* ¶ 61), using the same counsel who are representing Defendants in this action (*id.* ¶¶ 62–63; *see also* Defendants' Exhibit A, Dkt. 16-1). The Court finds that these allegations make out a "causal connection between the protected activity and the adverse employment action," in that McNiff's state court action shows "retaliatory animus directed against [] [P]laintiff by the [D]efendant[s]" for Plaintiff's having commenced the instant action. *Mullins*, 626 F.3d at 53.

The parties dispute whether Plaintiff has sufficiently alleged the second element of his FLSA and NYLL retaliation claims, *i.e.*, that McNiff's state court action qualifies as an adverse employment action.[3] To determine whether "[a]n employment action disadvantages an employee" for the purposes of FLSA retaliation, the Second Circuit applies the standard outlined by the Supreme Court in *Burlington Northern & Santa Fe Railway Co. v. White*, whereby "[a]n employment action disadvantages an employee if 'it well might have dissuaded a reasonable

---

[3] The parties do not dispute that the FLSA applies to Plaintiff's proposed retaliation claim even though Plaintiff is a former employee of Defendants. In the context of retaliation claims brought under Title VII of the Civil Rights Act of 1964, the term "employees" includes former employees. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (citation omitted) (noting that this interpretation serves "a primary purpose of anti[-]retaliation provisions: [m]aintaining unfettered access to statutory remedial mechanisms"). While the Second Circuit has not yet extended this statutory interpretation to FLSA retaliation claims, "district courts in this Circuit have applied the Supreme Court's reasoning in *Robinson* to FLSA retaliation claims, finding that in some circumstances plaintiffs can bring retaliation claims against former employers for post-employment conduct." *Li v. Oliver King Enters., Inc.*, No. 14-CV-9293 (VEC), 2015 WL 4643145, at *3 (S.D.N.Y. Aug. 4, 2015) (collecting cases). Indeed, this Court recently did so. *See Calderon v. Mullarkey Realty, LLC*, No. 14-CV-2616 (PKC) (RLM), 2018 WL 2871834, at *15–16 (E.D.N.Y. June 10, 2018) (granting defendant-employers' motion for summary judgment as to FLSA and NYLL retaliation claims brought by former employee). Moreover, Plaintiff argues, and Defendants have assumed in response, that *Robinson* would allow Plaintiff's proposed FLSA retaliation claim to proceed. (*See* Pl.'s Mot., Dkt. 15, at 3; Defs.' Opp'n, Dkt. 16, at 3.) The Court accordingly applies the Supreme Court's reasoning in *Robinson* and allows Plaintiff to proceed insofar as he brings his FLSA and NYLL retaliation claims as a former employee.

5

worker from making or supporting [similar] charge[s] . . . .'" *Mullins*, 626 F.3d at 53 (alterations in original) (quoting *Burlington N.*, 548 U.S. 53, 68 (2006)). Based upon this standard, courts in this Circuit are clear that "instituting bad faith litigation against [an] employee constitutes actionable retaliation." *Li*, 2015 WL 4643145, at *3; *see also Porter v. MooreGroup Corp.*, No. 17-CV-07405 (KAM) (VMS), 2020 WL 32434, at *11 (E.D.N.Y. Jan. 2, 2020) (finding that defendant-employer's use of "fake IRS agents to approach their litigation adversaries at their homes [was] sufficient to state a [FLSA] retaliation claim"); *Liu v. Elegance Rest. Furniture Corp.*, No. 15-CV-5787 (RRM) (SMG), 2017 WL 4339476, at *5 (E.D.N.Y. Sept. 25, 2017) (finding that defendant-employer's text messages threatening to disclose to authorities plaintiff-employee's immigration status was an adverse employment action for the purposes of FLSA retaliation); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 473 (S.D.N.Y. 2008) ("Bad faith or groundless counterclaims and other legal proceedings against employees who assert statutory rights are actionable retaliation precisely because of their *in terrorem* effect." (citing *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 740 (1983))).

District courts in this Circuit are also clear that "the filing of a baseless lawsuit can be an adverse action" within the meaning of FLSA retaliation. *Nunez v. Metro. Learning Inst., Inc.*, No. 18-CV-1757 (FB) (VMS), 2019 WL 5457731, at *1 (E.D.N.Y. Oct. 24, 2019) (citing *Romero v. Bestcare, Inc.*, No. 15-CV-7397 (JS) (GRB), 2018 WL 1702001, at *5 (E.D.N.Y. Feb. 28 2018), *report and recommendation adopted*, 2018 WL 1701948 (E.D.N.Y. Mar. 31, 2018)); *accord Chan v. Big Geyser, Inc.*, No. 17-CV-06473 (ALC), 2018 WL 4168967, at *11 (S.D.N.Y. Aug. 30, 2018) ("[C]ourts have held that filing baseless counterclaims against FLSA plaintiffs 'can, under certain circumstances, constitute adverse employment action sufficient to state a claim for retaliation.'" (quoting *Flores v. Mamma Lombardis of Holbrook, Inc.*, 942 F. Supp. 2d 274, 279 (E.D.N.Y.

6

2013))). However, the question of whether "an employee can claim retaliation because he or she has been sued in a well-founded lawsuit is an open [one]" in this Circuit. *Lawrence v. NYC Med. Practice, P.C.*, No. 18-CV-8649 (GHW), 2019 WL 4194576, at *9 (S.D.N.Y. Sept. 3, 2019) (quoting *Marchiano v. Berlamino*, No. 10-CV-7819 (LBS), 2012 WL 4215767, at *6 (S.D.N.Y. Sept. 20, 2012)).

In supplemental briefing, which the Court ordered at oral argument on April 6, 2020, Plaintiff maintains that McNiff's lawsuit against him in state court was "precisely the type of retaliatory litigation which courts have warned can and will dissuade reasonable employees from engaging in statutorily protected activity." (Plaintiff's Supplemental Briefing ("Pl.'s Supp. Br."), Dkt. 17, at 4.) Defendants argue that Plaintiff has not, indeed cannot, allege that the lawsuit is "baseless," and thus McNiff's state court action cannot be an adverse action for the purposes of FLSA retaliation. (Defs.' Supp. Br., Dkt. 18, at 1.) Noting that Plaintiff has not disputed that he owes the $5,000 loan amount or that he kept this amount for himself, Defendants maintain that "[t]he interests at stake in allowing parties to bring meritorious claims require that only baseless claims be considered retaliatory—even if they may be motivated in part by retaliatory animus." (*Id.* (quoting *Pawlowski v. Kitchen Expressions Inc.*, No. 17-CV-2943 (ARR) (VMS), 2017 WL 10259773, at *5 n.5 (E.D.N.Y. Dec. 15, 2017)).)

The "interests at stake," as explained by the Honorable Allyne R. Ross in *Pawlowski*, 2017 WL 10259773, at *5 n.5, are grounded in a litigant's "First Amendment right of access to the courts," *Bill Johnson's*, 461 U.S. at 742. In *Pawlowski*, the plaintiff-employee brought overtime claims under the FLSA and NYLL, and the defendant-employers asserted a counterclaim for breach of duty of loyalty based on the plaintiff having performed freelance work on the side. *See* 2017 WL 10259773, at *1. The plaintiff moved to dismiss the defendants' counterclaim, arguing

7

that it was frivolous and constituted an adverse employment action under the FLSA retaliation provision. *Id.* at *2. Judge Ross denied the plaintiff's motion, finding that the counterclaim was not baseless and thus did not qualify as an adverse employment action. *Id.* at *5 ("Because plaintiff's retaliation claims can survive only if defendants' counterclaim is baseless and because defendants' counterclaim is not baseless, plaintiff's retaliation claims must be dismissed."). Relying on the Supreme Court's reasoning in *Bill Johnson's Restaurants v. NLRB*,[4] Judge Ross explained that "[t]he [First Amendment] right to seek [] redress [in court] is too important, the [Supreme] Court said, to forbid a lawsuit, even when motivated by retaliatory animus." *Id.* (citing *Bill Johnson's*, 461 U.S. at 741).

Several courts in this district have applied this logic to both counterclaims and separate state court actions brought by employers against their current or former employees. *See, e.g.*, *Nunez*, 2019 WL 5457731, at *2; *Khalid v. DJ Shirley 1 Inc.*, No. 15-CV-5926 (SJF) (GRB), 2019 WL 325127, at *2 (E.D.N.Y. Jan. 25, 2019) (citing *Pawlowski*, 2017 WL 10259773, at *7–9), *report and recommendation adopted*, 2019 WL 885931 (E.D.N.Y. Feb. 21, 2019). In *Nunez*, the plaintiff-employee filed claims for unpaid wages and overtime under the FLSA and NYLL against his employer, then amended his complaint to allege that his employer also violated the FLSA retaliation provision by filing a state court lawsuit for "leverage" that was "designed to punish [plaintiff] for engaging in [a] protected activity." *Nunez*, 2019 WL 5457731, at *2 (second alteration in original) (internal record citation omitted). The defendant-employer had sued the plaintiff for "breach of contract, breach of fiduciary duties, and defamation." *Id.* at *1. Noting that "the filing of a baseless lawsuit can be an adverse action," *id.* at *1 (citing *Romero*, 2018 WL

---

[4] In *Bill Johnson's*, the Supreme Court concluded that only an employer's counterclaim found to be baseless could constitute retaliation under the National Labor Relations Act (the "NLRA"). *See Pawlowski*, 2017 WL 10259773, at *5 (discussing *Bill Johnson's*, 461 U.S. at 743).

8

1702001, at *5), the court denied the defendant-employer's motion to dismiss the retaliation claim because the plaintiff had established the baselessness of the employer's lawsuit by "provid[ing] the court with [evidence of the] dismissal of the defendants' state court lawsuit in its entirety," *id.* at *2. And, in *Khalid*, the court denied the plaintiff-employees' motion to amend their complaint to add retaliation claims as "at best, premature" where the plaintiffs had "not alleged that the subject state court actions [brought by the employer] ha[d] been dismissed as baseless." *Khalid*, 2019 WL 325127, at *2. The court also noted that, in *Pawlowski*, Judge Ross had previously denied the plaintiff-employee's motion to dismiss the employer's counterclaim, thus conclusively establishing "that the counterclaim was not baseless and, thus, could not constitute an adverse employment action against the employee." *Id.* (citing *Pawlowski*, 2017 WL 10259773, at *7–9).

In light of the above, and after carefully considering the parties' filings and the particular allegations at issue, the Court declines to extend the reasoning in *Bill Johnson's* and *Pawlowski* to bar Plaintiff from adding retaliation claims under the FLSA and NYLL. Instead, for the reasons discussed next, the Court grants Plaintiff's motion to amend his complaint.

As a preliminary matter, the Court emphasizes that the law on this issue is not settled. While "the filing of a baseless lawsuit can be an adverse action," *Nunez*, 2019 WL 5457731, at *1, whether "an employee can claim retaliation because he or she has been sued in a well-founded lawsuit is an open question," *Lawrence*, 2019 WL 4194576, at *9 (quoting *Marchiano*, 2012 WL 4215767, at *6). To date, the Second Circuit has yet to rule on the circumstances, if any, under which a meritorious lawsuit could constitute an adverse employment action for the purposes of a former employee's FLSA retaliation claim.[5]

---

[5] Moreover, the Second Circuit has not applied *Bill Johnson's*, which involved an NLRA claim, to FLSA suits; indeed, at the time of *Pawlowski,* only two courts of appeals appear to have

9

And, while several courts in this district have applied *Pawlowski* as previously discussed, at least one court in this district has suggested that an employer's action is not necessarily baseless if retaliatory animus is effectively the but-for cause of commencing the action. *See Romero*, 2018 WL 1702001, at *6. In *Romero*, the plaintiff-employee alleged that her defendant-employer filed a counterclaim for the sole purpose of retaliating against the plaintiff under the NYLL.[6] *Id.* at *1. After reviewing much of the case law discussed *supra*, the court found plaintiff's allegation sufficient at the pleadings stage to show that the employer's "[c]ounterclaim is baseless *or* would not have been pursued absent a retaliatory motive." *Id.* at *6 (emphasis added). The *Romero* court determined that "[p]laintiff should be afforded discovery as to whether [defendant] harbored any pretext in interposing the [c]ounterclaim." *Id.* In light of the particular circumstances at issue in this action, the Court finds the reasoning in *Romero* applicable here. Plaintiff's factual allegations, which the Court accepts as true, assert that McNiff's action would not have been pursued absent a retaliatory motive—that is, McNiff would not have sued Plaintiff in state court over the unpaid loan had Plaintiff abandoned the instant action against Defendants. Discovery should proceed in order to resolve the question of McNiff's pretext, if any, for initiating the state court action.

The Court also notes that McNiff's state court action is not closely analogous to the litigation at issue in the cases relied upon by Defendants. *Pawlowski*, *Nunez*, and other similar cases concern counterclaims and state court actions brought against the plaintiff-employees *by* the defendant-employers, not third parties allegedly acting at the employers' behest or for their

---

done so. *See Pawlowski*, 2017 WL 10259773, at *5 (citing *Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1406–07 (10th Cir. 1992)). This Court is not aware of any additional circuits to have done so in the intervening time.

[6] As discussed *supra*, the standards for retaliation claims under the FLSA and NYLL are essentially the same.

benefit[7]; indeed, as Defendants rightly point out in their supplemental letter, *Bill Johnson's* examined whether "the *employer's* case in the state court" was meritorious. (Defs.' Supp. Br., Dkt. 18, at 2 (quoting 461 U.S. at 747 (emphasis added)).) Moreover, *Pawlowski* concerned a counterclaim for breach of the employment contract between the plaintiff-employee and the defendant-employer and was thus directly related to the employment relationship between the parties. McNiff, by contrast, is not a party to this action, nor does his state court lawsuit pertain to the employment relationship between Plaintiff and Defendants. Although McNiff's loan to Plaintiff stems from an incident that occurred at Plaintiff's place of work, the loan itself and the circumstances giving rise to it concern a personal matter, *i.e.*, Plaintiff's assault of a co-worker, and are completely separate from his employment by Defendants. Unlike the questions before the courts in *Pawlowski*, *Nunez*, and similar decisions, the question before this Court is whether a well-founded action, instigated by a third party allegedly at the behest of the defendant-employer in response to the employee's filing of a FLSA action, yet unrelated to the circumstances of Plaintiff's employment, may constitute an adverse action under the FLSA retaliation provision. And because McNiff is not a party to this action, the Court does not see how McNiff's First Amendment right to sue Plaintiff in state court is infringed upon where Plaintiff brings retaliation claims against, and seeks relief from, Defendants.[8] For this reason, discovery is especially warranted to examine

---

[7] Indeed, every FLSA retaliation case in this district that Defendants rely upon concerns a defendant-employer that has filed either counterclaims or state court litigation against a plaintiff-employee. *See Karlin v. MCS Mortg. Bankers, Inc.*, No. 17-CV-06011 (ADS) (SIL), 2019 WL 1586861 (E.D.N.Y. Apr. 12, 2019); *Khalid*, 2019 WL 325127; *Pawlowski*, 2017 WL 10269773; *Jacques v. DiMarzio, Inc.*, 216 F. Supp. 2d 139, 143–44 (E.D.N.Y. 2002).

[8] Plaintiff's causes of action for retaliation do not, for instance, request that McNiff's state court action be enjoined or otherwise sanction McNiff for pursuing his lawsuit. (Pl.'s Proposed Am. Compl., Dkt. 15-3, at ¶¶ 111, 117; *id.* at 20–21.) Rather, his proposed retaliation claims seek monetary recovery from Defendants for their alleged use of McNiff's lawsuit and the threat of that

11

Defendants' role in the commencement of McNiff's state court action. Accordingly, the Court does not find that the reasoning of *Bill Johnson's*, as applied in *Pawlowski* and other FLSA matters, definitively resolves the instant action, and, out of an abundance of caution, the Court instead allows Plaintiff to amend his complaint to add FLSA and NYLL retaliation claims.

As Plaintiff has sufficiently alleged that McNiff's state court action was initiated on behalf of Defendants and in order to dissuade him from proceeding with the instant action, and was thus motivated by retaliatory animus, the Court concludes that Plaintiff has adequately alleged an adverse employment action. Accordingly, the Court finds that Plaintiff's proposed amended complaint states plausible claims for retaliation under the FLSA and NYLL. Plaintiff's motion to amend his complaint is granted as to those claims.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to amend his complaint is granted with respect to his retaliation claims under the FLSA and NYLL.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: June 8, 2020
      Brooklyn, New York

---

lawsuit to retaliate against Plaintiff for filing this action against Defendants, and to coerce him into discontinuing this action.