

**Domenique Camacho Moran**
Partner

Direct Dial: 516.227.0626
Direct Fax: 516.336.2762
dmoran@farrellfritz.com

400 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
37160-100

July 20, 2020

<u>B</u>Y ECF
Hon. Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Rodriguez v. National Golf Links of America, et al., 19-cv-07052 (PKC) (RML)</u>

Dear Magistrate Judge Levy:

Farrell Fritz, P.C., and Wachtell, Lipton, Rosen & Katz, represent National Golf Links of America (the "National" or the "Club") and William Muller ("Muller," together "Defendants") in the above-referenced action. We write to request expedited discovery in advance of Plaintiff Andrew Rodriguez's ("Plaintiff" or "Rodriguez") planned Motion for Conditional Collective Certification. As set forth more fully below, Plaintiff's sworn testimony will bear directly on both his Motion for Conditional Collective Certification as well as his standing to pursue claims pursuant to the Fair Labor Standards Act and New York Labor Law.

By way of background, Rodriguez worked as a caddy at the National. He carried golf clubs, found and retrieved golf balls on the course, cleaned the clubs and balls, raked bunkers and sand traps, measured the distance from the ball to the green, repaired divots and ball marks, read greens, and tended the pin – all conventional functions of a caddy. As a caddy, he took direction from, and was paid by, the golfers he accompanied. Rodriguez now asserts that he was a National employee entitled to overtime payments from the Club. He further claims that the National failed to classify caddies as employees, failed to pay him a statutory overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), failed to pay him spread-of-hours pay in violation of the New York Labor Law ("NYLL"), 12 NYCRR §146-1.6, failed to provide a 195.1 Notice and Acknowledgment of Pay Rate and Payday in violation of NYLL § 195.1, failed to provide a 195.3 Wage Statement in violation of NYLL §195.3, and unlawful retaliation under both the FLSA and NYLL.

Rodriguez's claims have no merit. Caddies have been a fixture of golf clubs long before and long after the FLSA was adopted in 1938. In over 80 years, no court has held that caddies are employees for purposes of the Act. The United States Department of Labor 2016 Field Manual,

Hon. Robert M. Levy

Page 2

mindful of the conventional functions of a caddy, concludes, in relevant part, that caddies are not employees because "caddies are engaged to serve the needs of particular players for substantial periods of time" and "their services are generally directed by and are of most immediate benefit to the players themselves." Similarly, New York Labor Law §511(8) explicitly states that "'employment' does not include service as a golf caddy."

Before conditionally certifying a proposed class of "all individuals employed by Defendants as 'Golf Caddies' at any time between December 17, 2013, to the present," Rodriguez must demonstrate that he is "similarly situated" to other members of the proposed class. It is well established that putative plaintiffs are not "similarly situated" based solely on the fact that the putative class is subject to a common job classification or description. *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 802 fn. 2 (S.D.N.Y. 2012). Defendants are entitled to probe these issues through limited discovery prior to opposing Plaintiff's contemplated Motion for Conditional Class Certification.

For these reasons, and in the interest of judicial economy, we propose the Court order limited discovery, including Plaintiff's deposition, regarding the issues outlined above which will directly impact the Motion for Conditional Certification. This discovery will not require any significant delay and will allow the Club to fully present all arguments related to conditional certification.

Accordingly, we propose the following deadlines be approved by the Court:

- Discovery regarding the issue of conditional class certification, including Plaintiff's deposition, be completed by October 15, 2020[1];
- Plaintiff's Motion for Conditional Certification shall be served on or before November 13, 2020;
- Defendant's Opposition papers, if any, shall be served on or before December 11, 2020; and
- Plaintiff's Reply papers, if any, shall be served on or before January 5, 2020.

We consulted with Plaintiff's counsel who objects to the National's request. We thank the Court for its time and attention.

Respectfully submitted,

*/s Domenique Camacho Moran*

Domenique Camacho Moran

---

[1] Plaintiff's counsel has advised that he is not available for a deposition of Plaintiff in August 2020.

3" = "3" "FF\9593988.2" "" FF\9593988.2